EDWARD H. KUBO, JR.   #2499
United States Attorney
District of Hawaii

FLORENCE T. NAKAKUNI  #2286
Chief, Drug/Organized Crime Section

BEVERLY WEE SAMESHIMA #2556
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email:  Beverly.Sameshima@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 02 2005

at __ o'clock and __ min __ P
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  vs.<br><br>FERMIN MORAN FLORES,      (01)<br>GRISELDA PEREZ MEDINA,    (02)<br>AMERICA SALOMON PEREZ,    (03)<br>ROBERT KUI FON LEE,       (04)<br><br>  Defendants. | CR. NO. CR05 00220 SOM<br><br>INDICTMENT<br><br>[21 U.S.C. §§ 846; 841(a)(1); 853] |

INDICTMENT

### COUNT 1

The Grand Jury charges that:

From a date unknown to the Grand Jury up through and including on or about May 22, 2005, in the District of Hawaii, and elsewhere, Defendants FERMIN MORAN FLORES ("MORAN FLORES"),

GRISELDA PEREZ MEDINA ("PEREZ MEDINA"), AMERICA SALOMON PEREZ ("SALOMON PEREZ") and ROBERT KUI FON LEE ("LEE") did conspire together and with other persons known and unknown to the grand jury, to knowingly and intentionally distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, to wit, approximately 802 grams, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

OVERT ACTS

In furtherance of this conspiracy and in order to attain the objects thereof, the following overt acts, among others, were committed in the District of Hawaii and elsewhere:

1. On or about May 22, 2005, Defendants SALOMON PEREZ and PEREZ MEDINA traveled from San Diego, California to Honolulu, Hawaii on Aloha Airlines Flight 471, carrying quantities of heroin on their persons.

2. On or about May 22, 2005, Defendant MORAN FLORES met with Defendants SALOMON PEREZ and PEREZ MEDINA at the Honolulu International Airport to transport them to a hotel.

3. On or about May 23, 2005, Defendant LEE traveled to the Ohana Surf Lanai Hotel to obtain a quantity of heroin.

All in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B).

## COUNT 2

The Grand Jury further charges:

On or about May 22, 2005, in the District of Hawaii, Defendants MORAN FLORES, PEREZ MEDINA and SALOMON PEREZ did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, to wit, approximately 802 grams, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 841(b)(1)(B).

## COUNT 3

The Grand Jury further charges:

On or about May 23, 2005, Defendant LEE did knowingly and intentionally possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, to wit, approximately one pound, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Section 846.

## COUNT 4

The grand jury charges that:

As a result of committing the offense alleged in Count 3 of this Indictment, Defendant LEE shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property

constituting, or derived from, any proceeds which Defendant LEE obtained, directly or indirectly, as the result of such offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense including but not limited to the following:

    Approximately Twenty-six Thousand Nine Hundred Eighty Dollars ($26,980) in United States Currency

If any of the above-described forfeitable property, as a result of any act or omission of the Defendant --

    1.  cannot be located upon the exercise of due diligence;

    2.  has been transferred or sold to, or deposited with, a third person;

    3.  has been placed beyond the jurisdiction of the court;

    4.  has been substantially diminished in value; or

    5.  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) to seek forfeiture of any other property of the Defendant up to the value of the above forfeitable property.

//
//
//
//
//
//

All in violation of Title 21, United States Code, Section 853.

DATED: June 2, 2005 at Honolulu, Hawaii.

A TRUE BILL

/S/
_____
FOREPERSON, GRAND JURY

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

*[signature]*
FLORENCE T. NAKAKUNI
Chief, Drug/Organized
  Crime Section

*[signature]*
BEVERLY WEE SAMESHIMA
Assistant U.S. Attorney

USA vs. FERMIN MORAN FLORES, ET AL.
Cr. No. _____
"Indictment"